## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-CP-00282-SCT

*C. D. PICKLE, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/1997 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JOHN R. HENRY |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/19/2001 |

## CONSOLIDATED WITH

## NO. 2000-CP-00796-SCT

| | |
|---|---|
| DATE OF JUDGMENT: | 4/28/2000 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/19/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/9/2001 |

**BEFORE McRAE, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case comes to this Court on appeal from the Circuit Court of Leflore County where, on April 28, 2000, C.D. Pickle, Jr. ("Pickle") was denied an out-of-time appeal and further barred from filing any other motions concerning this matter.

## FACTS

¶2. The case has been around our Court over the last sixteen years. Pickle, a sixteen year old, was arrested on November 26, 1974 for the capital murder of Mary Elizabeth Harthcock while committing the crime of rape. *Pickle v. State*, 345 So.2d 623, 625 (Miss. 1977). He was convicted and sentenced to death by the Circuit Court of Holmes County. *Id.* at 624. He appealed his conviction to this Court, and on May 4, 1977, this Court found that error did exist in his trial and remanded the case for a new trial. *Id.* at 628.

¶3. After receiving a new trial pursuant to this Court's ruling, Pickle was again convicted for the capital murder of Mary Elizabeth Harthcock in March of 1978. This time, he was given a life sentence. During his trials, Pickle was represented by retained counsel, Mitchell Lundy of Grenada. Pickle states that he instructed his attorney to file an appeal from his March 1978 conviction. However, the record indicates that Pickle never paid his attorney for this appeal. Thus, no appeal was ever filed. Pickle's mother submitted an affidavit which states that she instructed Lundy not to file an appeal because she could not afford to pay him. She also states that she was never informed that her son could proceed in forma pauperis.

¶4. Sometime between March or April of 1978 and December of 1981, Pickle did file a motion in the circuit court to be permitted an out-of-time appeal from his March 1978 conviction. Relief was denied by the circuit court. This Court ordered that the case be remanded for an evidentiary hearing on the question of whether a knowing and intelligent waiver of appeal had occurred. After a hearing on this issue, the circuit court found that Pickle had knowingly and intelligently waived his right to an appeal and subsequently denied his request for an out-of-time appeal. This ruling was reviewed by this Court and Pickle's petition for an out-of-time appeal was denied by this Court on March 24, 1982. After the March 24th order of this Court, Pickle was silent until September of 1997, approximately sixteen years later. The record begins with this September 1997 Motion for Post-Conviction Relief.

¶5. On or about September 23, 1997, Pickle filed a motion for post-conviction relief seeking an out-of-time appeal of his March 1978 conviction and sentence. The circuit court denied relief on October 8, 1997, finding that it had already been determined that Pickle had knowingly and intelligently waived his right to appeal and that he failed to raise any valid reasons why he should be granted an out-of-time appeal.

¶6. Pickle then filed a notice of appeal on October 21, 1997, from the circuit court's ruling on October 8, 1997. Additionally, Pickle prayed that he be allowed to proceed in forma pauperis. Again, the circuit court denied the petition for appeal and concluded that an out-of-time appeal of the conviction and sentence had been finally adjudicated sixteen years earlier.

¶7. On December 4, 1997, this Court dismissed Pickle's appeal from the October circuit court ruling for failure to (1) pay the filing fee to the Clerk of this Court; (2) pay the costs of appeal to the Clerk of the Circuit Court; and (3) file a designation of the record. Pickle then filed another request on December 23, 1997 to this Court to be allowed to proceed in forma pauperis.

¶8. This Court reinstated Pickle's appeal on February 13, 1998 but denied allowing Pickle to proceed in forma pauperis. Pickle again demanded to the circuit court that he be allowed a cost free appeal on March 24, 2000. This motion was denied on April 28, 2000 and Pickle was barred from filing any further motions concerning this matter.

¶9. Naturally, Pickle has appealed this April 28, 2000, order of the circuit court and raises the following issues on appeal:

**I. WHETHER THE CIRCUIT COURT ERRED IN DENYING PETITIONER'S OUT-OF-TIME APPEAL FOR HIS 1978 CONVICTION FOR CAPITAL MURDER?**

**II. WHETHER THE CIRCUIT COURT ERRED IN DENYING PETITIONER'S IN FORMA PAUPERIS STATUS?**

## DISCUSSION

¶10. The findings of a circuit judge are safe on appeal where his findings are supported by substantial, credible, and reasonable evidence. *City of Jackson v. Perry,* 764 So.2d 373, 376 (Miss. 2000) (citing *Puckett v. Stuckey*, 633 So.2d 978, 982 (Miss. 1993)). Additionally, this Court will not disturb the circuit judge's findings unless they are "manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Id.* (citing *Bell v. City of Bay St. Louis,* 467 So.2d 657, 661 (Miss. 1985)).

¶11. "Post-conviction proceedings are for the purpose of bringing to the trial court's attention facts not known at the time of judgment. The Post-Conviction Collateral Relief Act provides a procedure limited in nature to review those matters which, in practical reality, could not or should not have been raised at trial or on direct appeal." *Foster v. State*, 687 So.2d 1124, 1129 (Miss. 1996) (citing *Smith v. State*, 477 So.2d 191 (Miss. 1985); *Turner v. State*, 590 So.2d 871 (Miss. 1991); *Cabello v. State*, 524 So.2d 313, 323 (Miss. 1998).

## I.

¶12. The first issue presented to this Court is whether the circuit court erred in denying Pickle's request for an out-of-time appeal. We find no error. Pickle is seeking appellate review of his 23-year-old conviction. On September 30, 1997, Pickle filed a Motion for Post-Conviction Relief in the Circuit Court of Leflore County, Mississippi. In the Order denying this motion on October 8, 1997, the circuit court held that it had been concluded by Circuit Judge Arthur B. Clark and affirmed by the Mississippi Supreme Court and that Pickle had knowingly and intelligently waived his right to appeal. Furthermore, Pickle failed to raise any new issues regarding why he should be allowed an out-of-time appeal. Therefore, the out-of-time appeal was again denied.

¶13. On November 4, 1997, the circuit court again referred to the previous hearing that determined the waiver was knowing and intelligent. The circuit court noted that Pickle was a pauper but should not be allowed an out-of-time appeal because he had waived his right to such an appeal. The order, which is now the subject of this appeal, was dated April 28, 2000, where the circuit court again referred to the knowing and intelligent waiver and concluded that according to Miss. Code Ann. § 99-39-5(2)(2000), the 3-year time limitation had run. In addition to the time limitation, the circuit court also held that "[i]n view of the two previous Orders of this Court and the amount of time that has lapsed since the last of these Orders, this petition is frivolous; there being no hope of relief which is due under the circumstances, as they existed after the last Order. Therefore, this petition is DENIED and Petitioner is barred from filing any other petition, motion, or any other filing in this cause number regarding this subject."

¶14. The State argues that Pickle should be collaterally estopped from relitigating the same issue that was decided in 1982. In this case, Pickle filed a motion for an out-of-time appeal at a time when the Post-Conviction Relief Act did not exist. This Court created the out-of-time appeal in 1977. *See Jones v. State,* 346 So.2d 376 (Miss. 1977). The question presents itself as to whether Pickle should be collaterally

estopped although he now seeks post-conviction relief. We find that collateral estoppel is applicable in the case at bar. "When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action." *Dunaway v. W.H. Hopper & Assocs., Inc.,* 422 So.2d 749, 751 (Miss. 1982); *McCorkle v. Loumiss Timber Co.*, 760 So.2d 845, 854 (Miss. Ct. App. 2000) ). Collateral estoppel does not require that the same cause of action exist, however, it does require that the issue has been litigated previously. *Id.* Although Pickle originally sought relief for an out-of-time appeal and then subsequently sought relief under the Post-Conviction Relief Act, the issues raised were the same. Pickle argued from the beginning that he was denied his right to appeal due to his attorney's failure to file an appeal and inform him that he could proceed in forma pauperis. This is essentially an ineffective assistance of counsel claim. In 1982, the circuit court held a hearing that determined Pickle had knowingly and intelligently waived his right to an appeal. This holding was affirmed by this Court. As the circuit court has noted in each Order, Pickle has not raised any new issues that support his allowance of an out-of-time appeal.

## II.

¶15. The second issue presented to this Court is whether the circuit court erred in denying Pickle an appeal in forma pauperis. The doctrine of mootness applies to cases where an actual controversy no longer exists. Pickle argues that the circuit court incorrectly denied him the ability to appeal as a pauper. As Pickle is now before this Court on appeal, this issue is moot. Whether the appeal is here in forma pauperis or otherwise is irrelevant because the question is now moot as to whether the appeal should have been so allowed.

¶16. Alternatively, the merits of this issue will be addressed. The circuit court did not rule that Pickle was not a pauper. On the other hand, the circuit court found that Pickle was indeed a pauper. The appeal was denied because Pickle had sought and been denied an out-of-time appeal sixteen years earlier. This Court affirmed the circuit court on this point when we denied Pickle this status. So, the record indicates that Pickle was not denied forma pauperis status by the circuit court. Instead, he was denied an out-of-time appeal based on the fact that this matter had been finally adjudicated. In the October 8, 1997, order, the Circuit Court of Leflore County denied the out-of-time appeal because Pickle had knowingly and intelligently waived his right to appeal and no new issues were raised.

¶17. As earlier stated, this issue is moot. Alternatively, the circuit court did not deny that Pickle was a pauper, the circuit court only determined that an out-of-time appeal should not be allowed because the matter had been adjudicated sixteen years earlier.

## CONCLUSION

¶18. The findings of the circuit court were supported by the evidence in the record. This matter had been adjudicated approximately sixteen years earlier, and it had been concluded that Pickle knowingly and intelligently waived his right to appeal. For this reason, Pickle was collaterally estopped from raising the issue again in the circuit court. Whether Pickle should have been allowed to proceed in forma pauperis is a moot issue considering his appeal is before this Court today. Alternatively, that issue fails on the merits. For the above reasons, the judgment of the circuit court is affirmed.

¶19. **AFFIRMED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR.**