CARLTON, J.,
for the Court:
¶ 1. This case comes before this Court on appeal from an order dismissing C.D. Pickle Jr.’s motion for post-conviction relief (PCR) as time-barred and successive-writ barred. Pickle seeks post-conviction relief from a 1977 conviction where a Le-flore County jury convicted Pickle of capital murder for raping and then murdering Mary Elizabeth Harthcock. Pickle was sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Pickle later filed a PCR motion, which the circuit court dismissed. Pickle now appeals and contends that the circuit court erroneously dismissed his PCR motion as time-barred pursuant to Mississippi Code Annotated section 99-89-5(2) (Supp. 2012) and successive-writ barred pursuant to Mississippi Code Annotated section 99-39-28(6) (Supp.2012).
¶ 2. In addition to addressing the issues of the time-bar and successive-writ bar, this case also addresses the exception to the statutory bar for claims seeking testing of DNA evidence. See Miss.Code Ann. § 99-39-5(2)(a)(ii). The record reflects that the circuit court summarily dismissed Pickle’s PCR motion without determining if he met the statutory requirements for this exception to the three-year statute of limitations, as provided by section 99-39-5(2). We therefore reverse the judgment of the circuit court and remand this case for an evidentiary hearing.
FACTS
¶3. In 1975, a Holmes County grand jury indicted Pickle for the capital murder of Harthcock. The indictment charged that on November 26, 1974, Pickle raped Harthcock and then killed her. A jury subsequently convicted Pickle and sentenced him to death. The Mississippi Supreme Court reversed Pickle’s conviction in 1977 and remanded the case for a new trial. Pickle v. State, 345 So.2d 623, 624 (Miss.1977). His second trial was held in the Leflore County Circuit Court[1] in 1978, where he was convicted again and sentenced to life in the custody of the MDOC. The record reflects that Pickle failed to perfect a direct appeal from that conviction.
¶ 4. At some point between March or April 1978 and December 1981, Pickle petitioned the circuit court for permission to file an out-of-time appeal from his conviction, which the circuit court denied. On review, the Mississippi Supreme Court ordered an evidentiary hearing on the issue of whether Pickle had knowingly and intelligently waived his right to appeal. After the evidentiary hearing, the circuit court determined that Pickle had properly waived his right to appeal and, thus, again denied Pickle’s request for an out-of-time appeal. The supreme court affirmed the denial in March 1982. Pickle v. State, 791 So.2d 204, 205 (¶ 4) (Miss.2001).
¶5. In September 1997, Pickle filed a PCR motion again seeking an out-of-time appeal from his 1978 conviction and sentence. The circuit court denied the motion, explaining that it had already' determined Pickle had knowingly and intelligently waived his right to appeal and that Pickle had raised no other issues that would entitle him to an out-of-time appeal. On appeal, the supreme court *898 affirmed the circuit court’s decision and held that Pickle was collaterally es-topped from seeking an out-of-time appeal because the issue of his entitlement to an out-of-time appeal had been adjudicated sixteen years before. Id. at 207 (¶ 14).
¶ 6. In June 2004, Pickle filed another PCR motion in the circuit court, arguing that in his 1978 trial, the judge erroneously instructed the jury, and that his counsel was ineffective. Pickle further argued that he was innocent. The circuit court dismissed Pickle’s PCR motion as time-barred and as successive-writ barred. The circuit court further held that Pickle was collaterally estopped from filing the PCR motion since the issue of his entitlement to an out-of-time appeal had already been determined. This Court affirmed the circuit court’s decision in May 2006. Pickle v. State, 942 So.2d 243, 247 (¶ 14) (Miss.Ct.App.2006). Pickle then petitioned the supreme court for a •writ of certiorari, which the court denied on November 20, 2006.
¶ 7. In June 2009, Pickle filed a “Motion for Reconsideration of Court’s Findings of Fact, to Vacate it’s [sic] Interlocutory Order as Void and to Supplement Pending Petition for Out-of-Time Appeal Complaint with Joinder of Appeal Claims of Constitutional Trial Errors, Before Final Judgment Order is Rendered by this Court.” On August 19, 2009, the circuit court denied and summarily dismissed all motions filed by Pickle. The circuit court barred Pickle from bringing any other action regarding his incarceration, either in federal or state court, absent immediate danger or physical injury. Pickle appealed. On appeal, this Court affirmed the circuit court’s dismissal of Pickle’s PCR motion and determination that the PCR motion was frivolous. Pickle v. State, 64 So.3d 1009, 1012 (¶ 11) (Miss.Ct.App.2010).
¶ 8. Significantly, the prior dismissals of Pickle’s petitions, as set forth above, relied on the premise that no other issues would entitle him to relief under section 99-39-5. Since that time, section 99-39-5 was amended to establish relief by providing an exception for DNA testing in cases where such testing and technology were not available at the time of trial. On September 15, 2011, Pickle filed another PCR motion wherein he claimed insufficient evidence existed to support his capital-murder conviction and, for the first time, requested DNA testing of the biological evidence collected during the murder investigation. On October 11, 2011, the circuit court summarily dismissed Pickle’s motion as time-barred and successive-writ barred without holding an evidentiary hearing.
¶ 9. Pickle now appeals the dismissal of his PCR motion, arguing that his PCR motion is excepted from the successive-writ and time-bars. Pickle also argues that the circuit court erred in denying his request for DNA testing, claiming that an exception to the statutory bar exists under section 99-39-5(2). We remand this case to the circuit court for an evidentiary hearing to determine whether a basis exists for the exception to the time-bar to grant relief pursuant to section 99-39-5(2)(a)(ii).
STANDARD OF REVIEW
¶ 10. When reviewing a circuit court’s dismissal of a PCR motion, this Court will only reverse a circuit court’s factual findings if the findings are determined to be clearly erroneous. Bell v. State, 95 So.3d 760, 763 (¶ 7) (Miss.Ct.App.2012) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). Issues of law receive a de novo review. Id.
DISCUSSION
¶ 11. On appeal, Pickle argues that “no rational trier of fact could have found proof of guilt beyond a reasonable doubt that [he] had committed a capital murder.” *899 Pickle claims that his challenge to the sufficiency of the evidence constitutes a constitutional-right violation and, therefore, is excepted from all procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Pickle cites to Rowland v. State, 42 So.3d 503, 506 (¶ 9) (Miss.2010), which states that “errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA.”
¶ 12. In Diggs v. State, 46 So.3d 361, 364 (¶ 5) (Miss.Ct.App.2010) (citing Miss.Code Ann. § 99-39-11(2) (Supp. 2009)), we recognized that “[t]he [circuit] court may dismiss a motion for post-conviction relief without an evidentiary hearing where ‘it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’ ”
¶ 13. Section 99-39-5(2) provides that, in a case where no appeal was taken, a PCR motion “shall be made ... within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired .... ” However, Pickle seeks relief based upon section 99-39-5(2)(a)(ii), the new statutory exception to the three-year time-bar, and Pickle requests that the court order DNA testing of the semen samples from the rape victim herein. Pickle claims his innocence, and he claims that his PCR motion, based on the untested DNA evidence, is excepted from the time-bar.
¶ 14. Pickle argues that the circuit court erred in denying his request for DNA testing. Pickle asserts that the biological evidence collected by the State during the autopsy of Harthcock has never been sent to the crime lab for any type of testing. Pickle submits that the test results would prove his innocence in this case.
¶ 15. Mississippi Code Annotated section 99 — 39—5(l)(f) (Supp.2012) provides:
Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated ... may file ... a motion to request forensic DNA testing of biological evidence ... if the person claims:
That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner’s conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
¶ 16. Regarding the statute of limitations, section 99-39-5(2)(a)(ii), which the Legislature amended in 2009 to allow petitioners to file a PCR motion requesting DNA testing, mandates:
A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired .... Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate ...:
That ... there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been *900 convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
The Legislature enacted this new statutory provision in 2009, and Pickle filed for relief pursuant to its provisions in 2011.
¶ 17. The record contains transcript excerpts from the testimony of Dr. William Featherston, a pathologist. Pickle labeled these excerpts as “testimony [during] ‘first trial’ held in Holmes County [in] October 1975.” Dr. Featherston testified that he found male sperm in Harthcock’s vagina and cervix. In his PCR motion, Pickle states that “the DNA testing would probably demonstrate (with favorable results) that Pickle would not have been convicted.”
¶ 18. The record reflects that Pickle filed his PCR motion within three years of the enactment of section 99-39-5(2)(a)(ii). Therefore, we reverse the dismissal of Pickle’s PCR motion and remand this case to the trial court for an evidentia-ry hearing to determine whether Pickle is entitled to DNA testing.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Pickle filed a motion for a change of venue, which was granted.