# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01812-COA

TERRELL G. BASS A/K/A TERRELL GENE BASS A/K/A TERRELL BASS

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/07/2013 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TERRELL G. BASS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE DOTSON THOMAS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 03/03/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     Terrell G. Bass was estranged from his wife, Tonya Stogner. Tonya was staying with her brother, Hershel Stogner. After a confrontation, Hershel told Bass that he was not welcome at his house. Later that night, Bass kicked in Hershel's door. Armed with a shotgun, Bass killed Tonya. Bass also killed Ronald Plummer. Bass shot Hershel, but Hershel survived. The next morning, Bass confessed.

¶2.     Indicted for two counts of capital murder and one count of aggravated assault, Bass took a plea deal. On August 29, 2008, he pled guilty to one count of capital murder, one

count of manslaughter, and one count of aggravated assault. In exchange for his guilty pleas, he avoided the possibility of the death penalty. For capital murder, the Marion County Circuit Court sentenced Bass to life in the custody of the Mississippi Department of Corrections. For manslaughter, the circuit court sentenced Bass to twenty years. Finally, Bass received twenty years for aggravated assault, with ten years suspended and five years of post-release supervision. The circuit court set Bass's sentences to run consecutively.

¶3. On December 6, 2011, Bass filed a motion for post-conviction relief (PCR) and raised one issue. Essentially, Bass argued that because he pled guilty to manslaughter in count two, he could not be convicted of capital murder in count one. On October 10, 2013, the circuit court summarily denied Bass's PCR motion.

¶4. Bass appeals. He claims he received ineffective assistance of counsel, and the circuit court judge coerced him to plead guilty. Bass also claims that there was insufficient evidence to support a capital-murder charge. Finally, Bass claims the indictment failed to charge a crime. Finding no error, we affirm the circuit court's judgment.

## STANDARD OF REVIEW

¶5. In reviewing a circuit court's decision to deny a PCR motion, an appellate court will not disturb the circuit court's factual findings unless they are clearly erroneous. *Rowland v. State*, 42 So. 3d 503, 506 (¶8) (Miss. 2010). We review questions of law de novo. *Id*.

## ANALYSIS

### I.     EFFECTIVE ASSISTANCE OF COUNSEL

¶6. Bass claims he received ineffective assistance of counsel. He did not raise this issue in the PCR motion that he filed in the circuit court. A prisoner's failure to raise an issue in

2

the circuit court operates as a waiver and renders that issue procedurally barred on appeal. Miss. Code Ann. § 99-39-21(1) (Rev. 2007). It follows that Bass is procedurally barred from raising this issue for the first time on appeal. Additionally, Bass only offers his own affidavit to support his claim. "[W]here a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995). Thus, even if Bass's claim was not procedurally barred, it would have no merit.

## II.    VOLUNTARY GUILTY PLEA

¶7.    Next, Bass claims the circuit court judge coerced all three of his guilty pleas. Yet again, Bass raises this claim for the first time on appeal. "[A petitioner] who fails to raise an issue in his [PCR] motion . . . may not raise that issue for the first time on appeal." *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009) (citing *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988)).

¶8.    Notwithstanding the fact that Bass's claim is procedurally barred, it also has no merit. Bass's judicial-coercion claim is based on the circuit court's refusal to appoint two different defense attorneys two weeks before Bass's trial for two counts of capital murder and one count of aggravated assault. Bass wanted the circuit court to dismiss his two appointed defense attorneys because, in his opinion, they did not "know [any]thing" and would not work on his case.

¶9.    The circuit court noted that Bass's two appointed attorneys were both experienced public defenders. The circuit court further noted that Bass's two appointed attorneys had retained a private investigator, who had been assisting them with Bass's case for some time. Additionally, the circuit court discussed the work that Bass's two appointed attorneys had

3

done on Bass's case, which included reviewing Bass's witness list, which included nearly sixty potential witnesses; reviewing Bass's recorded confession; visiting Bass in jail numerous times; and obtaining a mental examination for Bass.

¶10. "A defendant has an absolute right to counsel, but the right to choose counsel is not absolute. It is a right that must not be abused or manipulated in such a way as to 'thwart the progress of a trial.'" *McCormick v. State*, 802 So. 2d 157, 160 (¶10) (Miss. Ct. App. 2001) (quoting *Ladnier v. State*, 273 So. 2d 169, 173 (Miss. 1973)). Under the circumstances, the circuit court acted within its discretion when it declined to appoint new defense counsel two weeks before Bass's trial. That decision did not coerce any of Bass's three guilty pleas. Furthermore, we have reviewed the transcript of Bass's guilty-plea hearing, and it is clear that Bass voluntarily and intelligently entered all three of his guilty pleas. By doing so, he avoided the possibility of receiving the death penalty. Even if this issue was not procedurally barred, it would have no merit.

### III. SUFFICIENCY OF THE EVIDENCE

¶11. Bass claims there was insufficient evidence that he was guilty of capital murder. As with his two previous issues, Bass failed to raise this issue in his PCR motion. He may not raise it for the first time on appeal. *Fluker*, 17 So. 3d at 183 (¶5) (citing *Gardner*, 531 So. 2d at 808-09). What is more, by pleading guilty, an offender waives a claim that there was insufficient evidence to find him guilty. *Welch v. State*, 958 So. 2d 1288, 1289 (¶5) (Miss. Ct. App. 2007).

### IV. SUFFICIENCY OF THE INDICTMENT

¶12. Finally, Bass claims that the two capital-murder charges in the indictment were

4

insufficient to charge him with a crime. We note that a guilty plea waives all non-jurisdictional defects in an indictment. *Maggitt v. State*, 26 So. 3d 363, 365 (¶10) (Miss. Ct. App. 2009). Procedural bar notwithstanding, Bass's reasoning is based on the concept that the capital-murder charges in the indictment did not adequately allege a valid underlying offense.

¶13. Bass quotes the indictment, including the allegation that he murdered Tonya while engaged in the burglary of Herschel's house, with the intent to commit aggravated assault and murder. Bass's own recitation of the indictment clearly includes the allegation that he committed murder while committing another felony. "The crime of murder can be the underlying element required to establish the crime of burglary." *Stevens v. State*, 806 So. 2d 1031, 1045 (¶56) (Miss. 2001). The Mississippi Supreme Court has reaffirmed the concept "that the underlying felony of burglary did not merge into murder." *Id*. There is no merit to this issue.

¶14. **THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.**