# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00516-COA

**CORNELIUS LORENZO CALLAHAN A/K/A**          **APPELLANT**
**CORNELIUS CALLAHAN A/K/A CORNELIUS**
**L. CALLAHAN**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2014 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CORNELIUS LORENZO CALLAHAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | PETITION FOR POSTCONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 05/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1.     On September 22, 2012, Cornelius Callahan, along with his codefendant, robbed the Dollar General in Long Beach, Mississippi.  On December 26, 2012, Callahan was indicted and charged with armed robbery pursuant to Mississippi Code Annotated section 97-3-79 (Rev. 2014).  On September 9, 2013, Callahan entered an open plea to the armed-robbery charge and was sentenced to twenty-two years to serve day-for-day.

¶2. On March 3, 2014, Callahan, pro se, filed a motion for postconviction relief (PCR). Callahan contended that he received ineffective assistance of counsel, and he asked the trial court to vacate his guilty plea and/or reduce his sentence. The trial court found that the motion was without merit and denied it. Callahan now appeals claiming: (1) his plea was involuntary, and (2) he received ineffective assistance of counsel.

**DISCUSSION**

¶3. A trial court's decision to deny a PCR motion will not be reversed absent a finding that the trial court's decision was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999). We, however, review questions of law under a de novo standard of review. *Wilson v. State*, 76 So. 3d 733, 735 (¶19) (Miss. Ct. App. 2011).

¶4. Callahan for the first time argues that he did not know he was pleading as a habitual offender. Callahan specifically claims that: (1) the State amended his indictment to improperly charge him as a habitual offender, (2) the trial court improperly sentenced him as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015), and (3) he did not know he was pleading guilty as a habitual offender.[1] In *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009), this Court found that a defendant may not raise an issue on appeal that he failed to raise in his PCR motion before the trial court. Thus, this

---

[1] We note that Callahan's claim seems to arise out of the trial court's order denying the PCR motion. The order states: "[T]he State successfully moved to amend the indictment and charged Callahan as a habitual offender pursuant to section 99-19-81[.]" The trial court's statement is incorrect. Callahan's indictment and sentencing order make clear that Callahan was neither charged nor sentenced as a habitual offender, although the sentencing order provided that Callahan was ineligible for parole under Mississippi Code Annotated section 47-7-3(1)(d)(ii) (Rev. 2011).

2

issue is procedurally barred because Callahan raised it for the first time on appeal.

¶5. Callahan also claims that he received ineffective assistance of counsel. He contends that his counsel failed to object to and inform the judge of the vindictive remarks the assistant district attorney (ADA) made to him during plea negotiations. He also claims that his attorney pressured him into taking the plea by telling him he would receive a life sentence if he did not accept the ADA's offer.

¶6. Ineffective-assistance claims are governed by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to make an ineffective-assistance claim, Callahan first "must show that counsel's representation fell below an objective standard of reasonableness." *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006) (citing *Strickland*, 466 U.S. at 687-88, 694). Callahan then must show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Callahan must allege both prongs with specific detail. *McCray v. State*, 107 So. 3d 1042, 1045 (¶9) (Miss. Ct. App. 2012). Callahan, however, only offers his own affidavit to support his claim. Our law is clear that, "[w]here a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Bass v. State*, 174 So. 3d 883, 885 (¶6) (Miss. Ct. App. 2015) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)). Callahan made assertions of ineffective assistance of counsel without supplying this Court with any supporting documents. Therefore, this issue is without merit.

¶7. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

3

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR.**