# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01362-COA

**TERRELL G. BASS A/K/A TERRELL GENE BASS A/K/A TERRELL BASS**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:                08/17/2016
TRIAL JUDGE:                      HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:        MARION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           TERRELL G. BASS (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: LAURA HOGAN TEDDER
NATURE OF THE CASE:               CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                      AFFIRMED - 10/03/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**LEE, C.J., FOR THE COURT:**

¶1.     Terrell Bass appeals the dismissal of his second motion for postconviction relief

(PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Bass was indicted for two counts of capital murder and one count of aggravated

assault after he killed his estranged wife, Tonya Stogner, and Ronald Plummer, and shot and

injured Hershel Stogner.  He took a plea deal, pleading guilty to one count of capital murder,

one count of manslaughter, and one count of aggravated assault.  In exchange for his guilty

plea, Bass avoided the possibility of the death penalty.  Bass was sentenced to life for capital

murder, twenty years for manslaughter, and twenty years, with ten years suspended and five years' postrelease supervision for aggravated assault. All sentences were ordered to be served in the custody of the Mississippi Department of Corrections and ordered to run consecutively.

¶3. Bass, in his second PCR motion, raised three issues: (1) he received ineffective assistance of counsel, (2) his guilty plea was involuntary, and (3) his indictment was fatally defective. The circuit court dismissed Bass's PCR motion as time-barred and noted that it did not meet any of the exceptions to the bar. Bass now appeals.

## STANDARD OF REVIEW

¶4. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013) (citation omitted).

## DISCUSSION

¶5. First, we find that Bass's PCR motion is time-barred. Under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), a claimant who pleads guilty has three years from the judgment of conviction to file his PCR motion. Here, Bass was convicted in 2009 and filed his second PCR motion in 2016—well beyond the three-year time-bar. As such, his PCR motion is time-barred. Additionally, Bass's motion is barred as a successive writ. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that when a prisoner has already filed a PCR motion, the second or a successive PCR motion is barred as a

2

successive writ. We, of course, acknowledge that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Williams v. State*, 158 So. 3d 1171, 1173 (¶4) (Miss. Ct. App. 2014) (citation omitted). However, "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Id*. Bass fails to do more than merely assert constitutional-rights violations, such that he does not survive the procedural bars. Additionally, Bass argues issues identical to those set forth in his first PCR motion, which we addressed fully in *Bass v. State*, 174 So. 3d 883 (Miss. Ct. App. 2015) (*Bass I*). Nevertheless, we will again address the merits of his issues.

### I. Effective Assistance of Counsel

¶6. In the instant case, Bass claims that he received ineffective assistance of counsel because the trial court appointed the local public defenders to represent him instead of the Office of Capital Defense. He argues that their representation was constitutionally ineffective because there were not proper funds to investigate and carry the case to a jury, and that his appointed counsel were not working on his case.

¶7. As we noted in *Bass I*, "[a] defendant has an absolute right to counsel, but the right to choose counsel is not absolute. It is a right that must not be abused or manipulated in such a way as to 'thwart the progress of a trial.'" *Id.* at 886 (¶10) (quoting *McCormick v. State*, 802 So. 2d 157, 160 (¶10) (Miss. Ct. App. 2001)). Here, Bass had no right to choose the Office of Capital Defense as his counsel. His absolute right to counsel was afforded to him by appointment of the local public defenders.

¶8.     In regard to Bass's ineffective-assistance claim, Bass offers the same argument as stated in *Bass I*. As the facts and the law have not changed, neither has the application or result.

> The circuit court noted that Bass's two appointed attorneys were both experienced public defenders. The circuit court further noted that Bass's two appointed attorneys had retained a private investigator, who had been assisting them with Bass's case for some time. Additionally, the circuit court discussed the work that Bass's two appointed attorneys had done on Bass's case, which included reviewing Bass's witness list, which included nearly sixty potential witnesses; reviewing Bass's recorded confession; visiting Bass in jail numerous times; and obtaining a mental examination for Bass.

*Id*. at (¶9). Accordingly, the record does not support Bass's bare assertions of ineffective assistance of counsel. Furthermore, at Bass's plea hearing, he testified under oath that he had resolved his issues with his attorneys and that he was satisfied with their work. "It is appropriate for a circuit court to place great weight on statements made during guilty-plea hearings, as there should be a strong presumption of validity of anyone's statement under oath." *Argol v. State*, 155 So. 3d 848, 855 (¶21) (Miss. Ct. App. 2013) (quoting *Peckinpaugh v. State*, 949 So. 2d 86, 92 (¶16) (Miss. Ct. App. 2006)). Here, the trial court did just that. The trial court did not abuse its discretion by denying Bass's request for new appointed counsel two weeks prior to trial, and there is no merit to Bass's claim that he received ineffective assistance of counsel.

## II.     Voluntary Guilty Plea

¶9.     Bass next argues that his plea was involuntary because the trial court's denial of new appointed counsel left him "no option other than to investigate and prepare for a capital-murder case from inside a jail cell," and that otherwise he would not have pleaded guilty.

4

Again, because there is no merit to Bass's argument that he received ineffective assistance of counsel, and the trial court did not err by refusing to appoint new counsel, this claim fails too. Rather, the transcript from Bass's plea hearing shows his guilty plea was intelligently and voluntarily given, without any coercion, pressure, threat, or other undue influence. Bass, with the assistance of his counsel, entered a voluntary guilty plea on all three counts, which enabled him to avoid the possibility of the death penalty. This issue is without merit.

### III. Sufficiency of the Indictment

¶10. In his final issue on appeal, Bass argues that the indictment was fatally defective for failure to allege the crime underlying burglary that elevated Counts I and II to capital charges. It is true—as Bass asserts—that "capital[-]murder indictments that are predicated on burglary are required to state the underlying offense to the burglary." *State v. Berryhill*, 703 So. 2d 250, 255 (¶23) (Miss. 1997). It is also true that Bass's indictment so stated the underlying offense to burglary. Both Counts I and II of Bass's indictment specifically charged that he killed Stogner and Plummer while engaged in the commission of the crime of burglary, and that the burglary was committed "with the intent to commit the crime of aggravated assault and with the intent to kill . . . ." "The crime of murder can be the underlying element required to establish the crime of burglary." *Bass*, 174 So. 3d at 886 (¶13) (quoting *Stevens v. State*, 806 So. 2d 1031, 1045 (¶56) (Miss. 2001)). Here, Bass's indictment specified the crime underlying the burglary charge—namely, murder. Thus, this issue is without merit. The circuit court's decision is affirmed.

¶11. **AFFIRMED.**

5

**IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.  CARLTON, J., NOT PARTICIPATING**.