## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2021-CP-00972-COA

**C.D. PICKLE, JR. A/K/A CLANTON D. PICKLE JR. A/K/A C.D. PICKLE**                                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                    APPELLEE

DATE OF JUDGMENT:              06/07/2021
TRIAL JUDGE:                  HON. RICHARD A. SMITH
COURT FROM WHICH APPEALED:    LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       C.D. PICKLE JR. (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 05/17/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., McDONALD AND SMITH, JJ.

### SMITH, J., FOR THE COURT:

¶1.     C.D. Pickle Jr. appeals from the Leflore County Circuit Court's orders denying his

motions for (1) writ of mandamus, (2) alternative sentencing, and (3) a new trial or,

alternatively, judgment notwithstanding the verdict (JNOV).  Finding no error, we affirm

each of the circuit court's orders denying Pickle's respective motions.

### FACTS

¶2.     In 1978, a Leflore County jury convicted Pickle of capital murder, and the circuit

court sentenced Pickle to life imprisonment.  *Pickle v. State*, 791 So. 2d 204, 205 (¶3) (Miss.

2001).  Pickle failed to directly appeal from his conviction.  *Id.*  Subsequently, Pickle sought

permission for an out-of-time appeal. *Id.* at (¶4). Following an evidentiary hearing, the circuit court denied Pickle's request, and in March 1982, the Mississippi Supreme Court affirmed the circuit court's judgment on appeal. *Id.* About fifteen years later, in September 1997, Pickle filed a motion for post-conviction collateral relief (PCR) and again sought an out-of-time appeal from his 1978 conviction and sentence. *Id.* at (¶5). The supreme court affirmed the circuit court's denial of Pickle's PCR motion and held Pickle was collaterally estopped from seeking an out-of-time appeal because the circuit court had previously adjudicated Pickle's alleged entitlement to such an appeal. *Id.* at 207-08 (¶¶14, 18). Between June 2004 and March 2019, Pickle filed five more unsuccessful PCR motions. *Pickle v. State*, 306 So. 3d 771, 773-74 (¶¶2-4) (Miss. Ct. App. 2020) (discussing the procedural history of Pickle's extensive court filings). On appeal, this Court ultimately affirmed each of the circuit court's judgments dismissing Pickle's various PCR motions. *Id.* at 772-74 (¶¶1-4).

¶3. In 2021, Pickle filed three separate motions in the circuit court: (1) a motion for writ of mandamus, (2) a motion for alternative sentencing under the Youth Court Act, and (3) a motion for a new trial or, alternatively, JNOV. The basis for Pickle's filings stemmed from his claim that the circuit court clerk had never stamped as "filed" and entered into the docket the final judgment for his 1978 conviction and sentence. Based on this alleged error by the circuit court clerk, Pickle argued he was entitled to file his post-trial motions and to seek alternative sentencing as a juvenile offender. On June 7, 2021, the circuit court entered three

2

orders denying each of Pickle's motions. Aggrieved, Pickle appeals.

## DISCUSSION

¶4. Although the circuit court did not treat Pickle's motions as a request for post-conviction relief, "[i]t is well established that 'a pleading cognizable under the Uniform Post-Conviction Collateral Relief Act (UPCCRA) will be treated as a PCR motion that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading.'" *Nance v. State*, 327 So. 3d 1089, 1092-93 (¶14) (Miss. Ct. App. 2021) (quoting *Tanner v. State*, 295 So. 3d 987, 988 (¶5) (Miss. Ct. App. 2020)). Here, the stated purpose of Pickle's motion for writ of mandamus was to compel the circuit court clerk to properly enter his 1978 judgment of conviction on the docket. In his motion for alternative sentencing, Pickle renewed his allegation that the circuit court clerk failed to enter his 1978 judgment of conviction on the docket. Based on this alleged failure by the circuit court clerk, Pickle reasoned that the circuit court retained jurisdiction over his conviction and sentencing. After contending the circuit court never made findings to determine whether he should be sentenced as a juvenile offender under the Youth Court Act, Pickle claimed the circuit court's continued jurisdiction over the matter provided authority for the circuit court to hold an evidentiary hearing on the issue of alternative sentencing. Finally, in his motion for a new trial or, alternatively, JNOV, Pickle raised various grounds challenging his conviction and sentence.

¶5. Despite Pickle's assertions to the contrary, it appears his ultimate purpose in filing his

3

three motions was to seek the opportunity for an out-of-time appeal. As the State notes in its appellate brief, "Pickle presumably thinks that if he is correct and the final judgment of conviction is 'finally' entered on the docket, then he can file post-trial motions and then appeal his conviction." A motion for an out-of-time appeal is a claim cognizable under the UPCCRA. Miss. Code Ann. § 99-39-5(1)(j) (Rev. 2020). As a result, we find Pickle's motions present a cognizable claim under the UPCCRA, and we will therefore treat them as a collective motion for PCR.

¶6. In considering on appeal the dismissal or denial of a PCR motion, "we will only disturb the circuit court's factual findings if they are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Nance*, 327 So. 3d at 1092 (¶12) (quoting *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017)). "A PCR motion must be filed within three years after a judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). In addition, an order dismissing or denying a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Rev. 2020); *accord Hodgin v. State*, 328 So. 3d 1279, 1281 (¶6) (Miss. Ct. App. 2021). Thus, as reflected by the extensive history of Pickle's numerous court filings, his current PCR motion is clearly barred as both untimely and successive. While statutory exceptions exist to these procedural bars, the movant bears the burden to demonstrate that he meets a recognized exception. *Id.* at (¶7). And upon review, we find that Pickle has failed to demonstrate he meets an exception to the UPCCRA's procedural bars.

¶7.    As discussed, Pickle's assertion that the circuit court clerk never stamped as "filed" and recorded in the docket his 1978 judgment of conviction forms the basis for the filing of all three of his motions.  Despite Pickle's allegation, though, the appellate record contains no evidence to support his claim.  The record does not contain Pickle's 1978 judgment of conviction.  And as the State correctly notes, the docket sheet provided in the record contains no entries related to Pickle's capital-murder trial, conviction, or sentence.  Instead, the first entry reflected on the docket sheet contained in the designated record is a November 13, 1978 order requesting the return of certain trial exhibits.  The next docket entry is three years later and reflects that Pickle filed a petition to clarify his sentence.  We therefore find the designated record is completely devoid of any evidence to support Pickle's contention that the circuit court clerk failed to properly file and record his 1978 judgment of conviction.

¶8.    With regard to Pickle's claim that the circuit court should have considered his eligibility for alternative sentencing under the Youth Court Act, we recognize that he has previously—and unsuccessfully—raised this argument.  In his 2018 PCR motion, "Pickle claimed on due process and equal protection grounds that the court should have considered alternative sentencing under the Youth Court Act and that his counsel was ineffective for failing to request that the court do so."  *Pickle v. State*, 292 So. 3d 262, 265 (¶3) (Miss. Ct. App. 2019).  On appeal, this Court noted that the claims contained in Pickle's PCR motion were merely assertions that lacked any evidentiary support, such as the transcript from Pickle's 1978 trial.  *Id.* at 266 (¶7).  We concluded that "Pickle ha[d] failed to demonstrate

5

that the trial judge did not consider alternative sentencing" and that his claims were therefore procedurally barred. *Id.* Despite the procedural bar to Pickle's claims, this Court also recognized that Pickle's crime would have fallen outside the jurisdiction of the youth court because "the Youth Court Act provides that the youth court does not have jurisdiction where 'any act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death.'" *Id.* at 266 n.1 (quoting Miss. Code Ann. § 43-21-151(1)(a) (Rev. 2015)). Based on the record now before us, we once again conclude that Pickle's claim is procedurally barred and lacks merit.

¶9. Finally, as to Pickle's attempt to once more seek the opportunity to file an out-of-time appeal, we find he has failed to cite any intervening precedent or change in statutory law that would warrant a different conclusion than the one reached by the supreme court in affirming the denial of Pickle's 1997 PCR motion. *See Pickle*, 791 So. 2d at 207-08 (¶¶14, 18) (holding that collateral estoppel barred Pickle from seeking an out-of-time appeal and affirming the circuit court's denial of Pickle's PCR motion). We therefore find this claim is likewise procedurally barred.

## CONCLUSION

¶10. Because we find no error in the circuit court's denial of Pickle's request for post-conviction collateral relief, we affirm each of the circuit court's orders denying Pickle's respective motions.

¶11. **AFFIRMED.**

6

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**