## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00970-COA

**ROY LEE JOHNSON A/K/A ROY L. JOHNSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/2021 |
| TRIAL JUDGE: | HON. CALEB ELIAS MAY |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROY LEE JOHNSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/04/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Roy Lee Johnson appeals from the Neshoba County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). After a review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On May 4, 2015, Johnson was indicted by a Neshoba County grand jury for sexual battery in violation of Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2014). On March 16, 2016, Johnson pled guilty to sexual battery of a four-year-old girl. After a hearing, the circuit court accepted Johnson's guilty plea. According to public judicial records, Johnson was sentenced to twenty-two and one-half years in the custody of the

Mississippi Department of Corrections (MDOC), with five years suspended and seventeen and one-half years to serve, followed by five years of supervised probation. Johnson was also required to pay various court fees as a condition of his probation and to register as a sex offender pursuant to Mississippi Code Annotated section 45-33-21 (Rev. 2011) upon his release from MDOC's custody.[1]

¶3. Before filing the motion at issue on this appeal, Johnson filed at least three previous PCR motions after his March 16, 2016 conviction. The record on appeal does not contain a complete copy of Johnson's prior PCR-related filings, but "we may take judicial notice of a circuit court's orders . . . ." *Mangum v. State*, 333 So. 3d 634, 637-38 (¶14) (Miss. Ct. App. 2022). We do not know when Johnson's first motion was filed, but the Neshoba County Circuit Court denied the motion on July 31, 2017,[2] and his subsequent appeal to the Mississippi Supreme Court was ultimately dismissed as untimely.[3]

¶4. Sometime thereafter, Johnson filed a "Motion for Post-Conviction Collateral Relief to Vacate, Set Aside Illegal and Unlawful Conviction and Sentence" in the Neshoba County Circuit Court.[4] On December 19, 2018, Johnson filed a "Motion to Quash the Indictment" in the same court.[5] The circuit court treated both of these motions as requests for post-conviction relief and denied them on May 29, 2019, finding that they were successive. With

---

[1] Trial Court Order, *Johnson v. State*, Appeal No. 2017-TS-01248 (Sept. 7, 2017).

[2] Cause No. 17-CV-0161-NS-C.

[3] Order, *Johnson v. State*, Appeal No. 2017-TS-01248 (Miss. Mar. 27, 2018).

[4] Cause No. 18-CV-0240-NS-CC.

[5] Cause No. 19-CV-0090-NS-CC.

regard to the first motion (Cause No. 18-CV-0240-NS-CC), the circuit court noted that because the second page of the indictment was signed by the grand jury foreman, Johnson's argument that the indictment was flawed was incorrect. The circuit court also stated that it could not grant the "Amended Petition for Post Conviction Relief" that Johnson filed in the same cause number because the circuit court could not approve his request for unspecified documents. With regard to the "Motion to Quash the Indictment" (Cause No. 19-CV-0090-NS-CC), the circuit court held that Johnson's claim of ineffective assistance of counsel was legally and factually impossible, as it stemmed from his attorney's alleged failure to challenge the indictment. Johnson appealed, and this Court again dismissed the appeal as untimely.[6]

¶5.     On May 24, 2021, Johnson filed the current PCR motion, in the Neshoba County Circuit Court.[7] On July 7, 2021, the circuit court denied the relief requested and dismissed the motion (which again challenged the sufficiency of the indictment) for failure to state grounds upon which post-conviction relief could be granted and because the motion was successive. Johnson appeals alleging that (1) his indictment was defective; (2) he was entitled to an evidentiary hearing; (3) the circuit court erred by refusing to admit hearsay statements by the sexual-assault nurse examiner into evidence; (4) he should have been

---

[6] *See* Order, *Johnson v. State*, Appeal No. 2019-TS-01510 (Miss. Ct. App. Apr. 14, 2020).

[7] Cause No. 21-CV-0062-NS-CM.

3

granted a continuance to examine newly discovered evidence;[8] and (5) DNA evidence that would have proved his innocence was destroyed by the State in bad faith.

## STANDARD OF REVIEW

¶6.     The standard of review for the denial of PCR motions is well settled; we will only disturb a decision that was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). Questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

### I.     Johnson's motion is barred as successive.

¶7.     Johnson's motion was successive because he filed at least three previous PCR motions after his March 16, 2016 conviction.[9] Miss. Code Ann. § 99-39-23(6) (Rev. 2015). On multiple occasions, Johnson has submitted a PCR motion containing the argument that his indictment was defective. And, for the second time, he alleges that the indictment was defective because it was not signed by the grand jury foreman. Section 99-39-23(6), which bars successive motions, states that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." In other

---

[8] Johnson does not describe or otherwise provide any details about the newly discovered evidence.

[9] As discussed in the "Facts" section above, motions were filed in cause numbers 17-CV-0161-NS-C; 18-CV-0240-NS-CC; and 19-CV-0090-NS-CC.

4

words, when a movant requests post-conviction collateral relief that the court denies, he cannot resubmit the same request and argument. "When a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Stokes v. State*, 199 So. 3d 745, 749 (¶10) (Miss. Ct. App. 2016) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013)). In Johnson's case, this is the third PCR motion he has filed since the denial of his initial PCR motion in 2017. We have reviewed Johnson's submissions and find that none of the allegations raised involve fundamental rights that would give rise to an exception from the statutory bar on successive motions. Thus, the circuit court appropriately denied Johnson's requested relief in the PCR motion, and dismissed the motion as successive.

¶8. We also call attention to the fact that (1) in the May 8, 2018 denial of two of Johnson's prior PCR motions, the circuit court states that the second page of the indictment was signed by the grand jury foreman, and (2) Johnson waived this argument by pleading guilty. *See Reeder v. State*, 783 So. 2d 711, 720 (¶36) (Miss. 2001). Thus, even if this filing were not barred as a successive motion, his arguments have no merit.

## II. Johnson's motion was filed after the expiration of the statute of limitations.

¶9. The record identifies March 16, 2016, as the date by which Johnson pled guilty and the circuit court entered its judgment of conviction and sentence against him. Johnson filed the PCR motion that is presently before us in May 2021. The current motion was filed outside of the three-year window for PCR motions provided by the Uniform Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-5(2) (Rev. 2015) ("A motion for relief

5

under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . ."); *Id*. § 99-35-101 (Rev. 2015) (prohibiting direct appeal "where the defendant enters a plea of guilty and is sentenced"). Thus, Johnson's motion was also time-barred.

### III.    Johnson was not entitled to an evidentiary hearing.

¶10.    Johnson argues that the circuit court should have held an evidentiary hearing. Evidentiary hearings are not required in all circumstances. We previously held that it is proper for a circuit court to "dismiss a [PCR] motion . . . without an evidentiary hearing where it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Pickle v. State*, 115 So. 3d 896, 899 (¶12) (Miss. Ct. App. 2013); *accord* Miss. Code Ann. § 99-39-11(2) (Rev. 2015). Johnson submitted his PCR motion to the circuit court and had the opportunity to include any evidence he deemed relevant. Johnson did not provide proof of "extraordinary circumstances" that would have necessitated an evidentiary hearing. *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). The circuit court's decision not to have an evidentiary hearing was appropriate.

### IV.    Johnson's issues raised for the first time on appeal are waived.

¶11.    Johnson argues for the first time in his brief on appeal that the circuit court (1) erred by refusing to admit hearsay statements by the sexual-assault nurse examiner into evidence and (2) failed to grant him a continuance to examine newly discovered evidence.[10] Johnson

---

[10] *See supra* note 8.

also contends DNA evidence that would have proved his innocence was destroyed by the State in bad faith. We are not required to rule on these issues. Generally, the "failure to raise an issue in the circuit court operates as a waiver and renders that issue procedurally barred on appeal." *Bass v. State*, 174 So. 3d 883, 885 (¶6) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 99-39-21(1) (Rev. 2007)). Johnson did not present these arguments in the PCR motion that was before the circuit court, and as discussed, there has been no showing of any error that affected his fundamental rights.

## CONCLUSION

¶12. Johnson has failed to demonstrate that any exception exists to either the time-bar set forth in Mississippi Code Annotated section 99-39-5(2) or the successive motions bar set forth in Mississippi Code Annotated section 99-39-23(6). Notwithstanding the procedural bars, we also find that his arguments are without merit. The circuit court properly denied Johnson's PCR motion.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**