942 So.2d 243 (2006)
C.D. PICKLE, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00996-COA.
Court of Appeals of Mississippi.
May 23, 2006.
Rehearing Denied September 26, 2006.
*244 C.D. Pickle, Jr., Appellant, pro se.
Office of the Attorney General by José Benjamin Simo, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. On June 16, 2004, C.D. Pickle, Jr. filed a "Motion for Out-of-Time Post Conviction Relief" in the Circuit Court of Leflore County. The motion for post-conviction relief (PCR) pertained to Pickle's March 1978 conviction of capital murder and sentence of life imprisonment. The trial court summarily dismissed the PCR upon a finding that it was time-barred, barred as a successive writ, and barred by the doctrine of collateral estoppel.
¶ 2. Pickle appeals. He argues that his PCR was exempt from the procedural bars based upon the newly discovered evidence exception or upon the plain error doctrine. We find these arguments to be without merit and, therefore, affirm the summary dismissal of Pickle's PCR.

FACTS AND PROCEDURAL HISTORY
¶ 3. Pickle's attempts to challenge his March 1978 conviction and sentence comprise a rich procedural history that is detailed in Pickle v. State, 791 So.2d 204, 205-06 (¶¶ 2-9) (Miss.2001). In brief, sometime in the 1970s, Pickle was convicted of capital murder with the underlying felony of rape. On May 4, 1977, the Mississippi Supreme Court reversed Pickle's conviction and remanded the case for a new trial. See Pickle v. State, 345 So.2d 623 (Miss. 1977). Pickle's second trial was held in March 1978 and again resulted in his conviction of capital murder for which he was sentenced to life imprisonment. Pickle *245 never perfected an appeal from that conviction.
¶ 4. Between March or April 1978 and December 1981, Pickle filed a motion in the circuit court requesting permission to file an out-of-time appeal from his conviction, which was denied. On review, the supreme court ordered an evidentiary hearing on the issue of whether Pickle had knowingly and intelligently waived his right to appeal. After the hearing, the circuit court concluded that Pickle had knowingly and intelligently waived his right to appeal and denied Pickle's request for an out-of-time appeal. The supreme court affirmed this decision on March 24, 1982.
¶ 5. On September 23, 1997, Pickle filed a PCR again seeking an out-of-time appeal from his March 1978 conviction and sentence. The circuit court denied relief, finding that it already had been determined that Pickle had knowingly and intelligently waived his right to appeal. Pickle appealed the circuit court's decision. On July 19, 2001, the supreme court affirmed, finding that Pickle was collaterally estopped from seeking an out-of-time appeal because his entitlement to an out-of-time appeal had been adjudicated sixteen years previously.
¶ 6. On June 16, 2004, Pickle filed the instant PCR in the Circuit Court of Leflore County. Pickle argued that, in his March 1978 trial, the jury was erroneously instructed and his counsel was ineffective for his failure to ensure that the jury was properly instructed. He further asserted that he was actually innocent. Pickle attached affidavits and excerpts of the trial record as supportive documentation.
¶ 7. On April 11, 2005, the circuit court dismissed the PCR as time-barred and as a successive writ. The court further found that Pickle was collaterally estopped from filing the PCR since the issue of his entitlement to an out-of-time appeal had already been litigated. Pickle has appealed and contends that the court erroneously dismissed his PCR as procedurally barred.

STANDARD OF REVIEW
¶ 8. The trial court may summarily dismiss a PCR "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss.Code Ann. § 99-39-11(2) (Rev. 2000). This Court will affirm the lower court's summary dismissal of a PCR if, after reviewing the PCR de novo, we conclude that the petitioner has failed to "demonstrate `a claim procedurally alive `substantial[ly] showing denial of a state or federal right. . . .''" Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss. 1991)).

LAW AND ANALYSIS
I. WHETHER THE LOWER COURT ERRED BY DISMISSING THE PCR AS PROCEDURALLY BARRED.
¶ 9. Without doubt, Pickle's PCR was time-barred and barred as a successive writ. Mississippi Code Annotated section 99-39-5(2) (Supp.2005) provides that, in a case where no appeal was taken, a motion for post-conviction relief must be made within three years after the time for taking an appeal from the judgment of conviction or sentence has expired. Pickle's June 16, 2004, PCR was filed over twenty-five years after his March 1978 conviction. Therefore, it was time-barred. The PCR was also barred as a successive writ. Mississippi Code Annotated section 99-39-23(6) (Supp.2005) states that "any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and . . . shall be a bar *246 to a second or successive motion under this article." The instant PCR was Pickle's second pertaining to his March 1978 conviction; his first PCR was dismissed. Therefore, the instant PCR was barred as a successive writ.
¶ 10. Pickle argues that his PCR raised newly discovered evidence and should have been excepted from the procedural bars. Section 99-39-5(2) provides an exception to the time bar for
those cases in which the prisoner can demonstrate . . . that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.
An identical exception is applicable to the successive writ bar. Miss.Code Ann. § 99-39-23(6) (Supp.2005).
¶ 11. In his PCR, Pickle assigns error in the grant or denial of several jury instructions at his trial. Pickle asserts that the erroneous jury instructions constituted newly discovered evidence because Pickle first learned of the errors in 2003, when his sister retrieved the jury instructions from the clerk's office and forwarded them to Pickle. Pickle averred that he should be excused from having failed to discover the errors earlier because agents of the State blocked his previous efforts to access the trial records.
¶ 12. The term "newly discovered evidence" refers to evidence, that is, an exhibit, testimony, or some other information that could have been offered as evidence in the defendant's trial but was not offered because it was not reasonably discoverable at the time of the trial. The concept of newly discovered evidence does not embrace a prisoner's untimely realization that legal errors occurred at his trial. Accordingly, we have held that a prisoner's failure to understand the law until conducting research into his case does not constitute newly discovered evidence. Frost v. State, 781 So.2d 155, 158(¶ 7) (Miss.Ct.App.2000). The newly discovered evidence exception to the procedural bars is wholly inapplicable to Pickle's claims.
¶ 13. We turn to Pickle's assertion that his claims are reviewable as plain error. We may apply the plain error rule to an error not properly preserved for review if the error affects a prisoner's substantive or fundamental rights. Williams v. State, 794 So.2d 181, 187(¶ 23) (Miss.2001). If plain error exists, we may address the error on post-conviction relief notwithstanding the procedural bars. Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss. 1999). "The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice." Williams, 794 So.2d at 187(¶ 23). "The plain error doctrine has been construed to include anything that `seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
¶ 14. Pickle contends that his assertions of erroneous jury instructions and ineffective assistance of counsel demonstrate that plain error occurred at his trial. We have reviewed Pickle's PCR and conclude that it fails to substantially show any errors seriously affecting the fairness, integrity, or public reputation of judicial proceedings that would implicate plain error review. For illustrative purposes, we briefly discuss Pickle's main arguments. Concerning the jury instructions, Pickle contends that the instructions allowed his unconstitutional conviction of capital murder with the underlying felony of attempted rape when he had been indicted for capital murder with the underlying felony of rape. *247 Pickle argues that by charging him with the completed crime of rape, his indictment did not properly charge him with attempted rape. This argument is clearly without merit; Mississippi Code Annotated section 99-19-5 (Rev. 2000) provides that a jury may find the defendant guilty of the offense charged in the indictment or of any attempt to commit the same offense. Further, contrary to Pickle's arguments, he was not found guilty of the predicate felony of rape upon improper jury instructions because the jury was correctly instructed on the elements of rape as the crime was statutorily defined at the time of Pickle's offense. See Miss.Code Ann. § 97-3-65 (1972). Pickle's claim of ineffective assistance of counsel is founded upon counsel's role concerning the jury instructions and evinces no error. We observe that "this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar[s]." Maston v. State, 750 So.2d 1234, 1237(¶ 14) (Miss.1999). We affirm the dismissal of Pickle's PCR as procedurally barred.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.