ISHEE, J„
for the Court:
¶ 1. C.D. Pickle Jr. was convicted of capital murder and sentenced to life in the custody of the Mississippi Department of Corrections (MDOC). Pickle filed a motion for post-conviction relief (PCR), which the Leflore County Circuit Court dismissed. Pickle now appeals to this Court and contends that the circuit court erroneously dismissed his PCR motion as procedurally barred and frivolous. Finding no error, we affirm.
FACTS
¶ 2. In 1975, Pickle, then sixteen years old, was indicted by a Holmes County grand jury for the capital murder of Mary Elizabeth Harthcock. The indictment charged that on November 26,1974, Pickle killed Harthcock after he had raped her. Pickle was subsequently convicted and sentenced by the Holmes County Circuit Court to death. In 1977, the Mississippi Supreme Court reversed Pickle’s conviction and remanded the case for a new trial. Pickle filed a motion for change of venue, which was granted. His second trial was held before the Leflore County Circuit Court in 1978, where he was convicted again and sentenced to life in the custody of the MDOC. Pickle never perfected an appeal from that conviction.
¶ 3. Though the record is unclear, some time between March or April 1978 and December 1981, Pickle petitioned the Le-flore County Circuit Court for permission to file an out-of-time appeal from his conviction, which was denied. On review, the Mississippi Supreme Court ordered an evi-dentiary hearing on the issue of whether Pickle had knowingly and intelligently waived his right to appeal. After concluding the evidentiary hearing, the circuit court determined that Pickle had properly waived his right to appeal. Accordingly, the circuit court again denied Pickle’s request for an out-of-time appeal. The supreme court affirmed the denial in March 1982.
¶4. In September 1997, Pickle filed a PCR motion seeking an out-of-time appeal from his 1978 conviction and sentence. The circuit court denied the motion, finding that it had already determined Pickle had knowingly and intelligently waived his right to appeal and that Pickle had raised no other issues which would entitle him to an out-of-time appeal. Pickle appealed this decision to the supreme court. In July 2001, the supreme court affirmed the circuit court’s decision and held that Pickle was collaterally estopped from seeking an out-of-time appeal because the issue of his entitlement to an out-of-time appeal had been adjudicated sixteen years before. Pickle v. State, 791 So.2d 204, 207 (¶ 14) (Miss.2001).
¶ 5. In June 2004, Pickle filed another PCR motion in the circuit court. Pickle argued that in his 1978 trial, the jury was erroneously instructed, and his counsel was ineffective. He further argued that he was innocent. The circuit court dismissed Pickle’s PCR motion as time- *1011 barred and as a successive writ. The circuit court further held that Pickle was collaterally estopped from filing the motion since the issue of his entitlement to an out-of-time appeal had already been determined. This Court affirmed the circuit court’s decision in May 2006. Pickle v. State, 942 So.2d 243, 247 (¶ 15) (Miss.Ct. App.2006). Pickle then petitioned the supreme court for writ of certiorari, which was denied on November 20, 2006.
¶ 6. In June 2009, Pickle filed the following: “Motion for Reconsideration of Court’s Findings of Fact, to Vacate it’s [sic] Interlocutory Order as Void and to Supplement Pending Petition for Out-of-Time Appeal Complaint with Joinder of Appeal Claims of Constitutional Trial Errors, Before Final Judgment Order is Rendered by this Court.” On August 19, 2009, the circuit court denied and summarily dismissed all motions filed by Pickle. In its order, the circuit court noted that Pickle’s motion was frivolous and also mentioned at least three federal lawsuits and three state lawsuits filed by Pickle, which the circuit court also deemed frivolous. Accordingly, the circuit court barred Pickle from bringing any action regarding his incarceration, either in federal or state court, absent immediate danger or physical injury. It is from the circuit court’s decision dismissing Pickle’s instant PCR motion and deeming it frivolous that Pickle now appeals.
STANDARD OF REVIEW
¶ 7. This Court will not disturb a trial court’s dismissal of a PCR motion unless the decision is clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004); Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). Questions of law are reviewed de novo. Id.
DISCUSSION
¶ 8. Under Mississippi Code Annotated section 99-39-23(6), second or successive PCR motions are procedurally barred. A successive PCR motion is prohibited unless a prisoner can show the existence of newly discovered evidence that would alter the outcome of the prisoner’s sentence, an intervening decision from the United States Supreme Court or State of Mississippi, or, in the case of a prisoner who has filed a prior petition requesting DNA testing, DNA test results that were not previously presented or available. Miss.Code Ann. § 99-39-23(6) (Supp.2009). In essence, “an appellant is granted one bite at the apple when requesting (PCR).” Dobbs v. State, 18 So.3d 295, 298 (¶ 9) (Miss.Ct.App.2009) (internal citations omitted).
¶ 9. The record clearly indicates the current PCR motion on appeal is Pickle’s third PCR motion. This Court has previously affirmed the circuit court’s dismissal of Pickle’s second PCR, wherein we stated: “The instant PCR [motion] was Pickle’s second pertaining to his March 1978 conviction; his first PCR [motion] was dismissed. Therefore, the instant PCR motion was barred as a successive writ.” Pickle, 942 So.2d at 245 (¶ 9). Accordingly, we find no error in the circuit court’s ruling that the PCR motion in question is procedurally barred.
¶ 10. Furthermore, while the circuit court did not specifically address the issue of Pickle’s PCR motion being time-barred in addition to it being procedurally barred, this Court raises the issue on its own. Mississippi Code Annotated section 99-39-5(2) provides prisoners three years in which to file an appeal for PCR. Miss. Code Ann. § 99-39-5(2) (Supp.2009). The date on which the three-year statute of limitations begins to run depends on the *1012 circumstances of the case.[1] Id. With regard to Pickle, the three-year period began to run on the last date from which his 1978 conviction was immediately appeal-able. While the rule allows for PCR after the three-year time frame in limited circumstances, Pickle’s case does not fall within one of the exceptions.[2] Accordingly, under Mississippi Code Annotated section 99-39-5(2), Pickle’s PCR motion regarding his thirty-two-year-old conviction is time-barred.
¶ 11. Finally, this Court has recognized it is within a circuit court’s discretion to dismiss claims as frivolous without conducting an evidentiary hearing where “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Walters v. State, 21 So.3d 1166, 1169 (¶11) (Miss. 2009) (citing Miss.Code Ann. § 99-39-11(2) (Supp.2009)). We will not overturn a circuit court’s ruling that a PCR motion is frivolous and should be dismissed absent a finding that the decision was clearly erroneous. Williams, 872 So.2d at 712 (¶2). In deeming the instant PCR motion to be frivolous, the circuit court noted that the PCR motion in question is Pickle’s third PCR motion and that Pickle has filed at least six frivolous lawsuits in state and federal court relating to his conviction. Accordingly, we find no error in the circuit court’s dismissal of Pickle’s PCR motion and determination that the PCR motion is frivolous.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LE-FLORE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Mississippi Code Annotated section 99-39-5(2) states that an appeal for PCR may be filed within three years after the time in which "the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case not appeal is taken, within three ... years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three ... years after entry of the judgment of conviction." Miss.Code Ann. § 99-39-5(2).

. Mississippi Code Annotated section 99-39-5(2)(a) provides that the three-year statute of limitations for requesting post-conviction relief may be extended if: (1) an intervening decision of the Mississippi Supreme Court or United States Supreme Court exists which was not "reasonably discoverable” at the time of trial and that would have caused a different result in the conviction or sentence if it had been introduced at trial; or (2) biological evidence exists that can be subjected to additional DNA testing and the results of which would show a "reasonable probability” that the petitioner's sentence would have been lesser or the petitioner would not have been convicted had the DNA results been obtained at the time of the original prosecution. Miss. Code Ann. § 99 — 39—5(2)(a)(i) and (ii).