# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01732-COA

**CHARLES EDWARD WILSON A/K/A CHARLES WILSON A/K/A CHARLES E. WILSON A/K/A WINDING**                                       APPELLANT

v.

**STATE OF MISSISSIPPI**                                       APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/2014 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES EDWARD WILSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S MOTION FOR POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED – 03/08/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Charles E. Wilson appeals from the judgment of the Circuit Court of Amite County, denying his motion for post-conviction relief (PCR). He alleges: (1) the trial court erred in ruling that his PCR motion was time-barred; (2) the trial court erred by not deciding his claim of actual innocence on the merits; (3) he was prejudiced by the State withholding evidence and the State's destruction of exculpatory evidence; and (4) and he was subjected to double jeopardy.

¶2.     Finding no error, we affirm.

FACTS

¶3.     On October 29, 1982, an Amite County grand jury indicted Wilson, along with three codefendants, for kidnapping one adult female and three children in Tangipahoa Parish, Louisiana, and removing them to Amite County, Mississippi, with the intent to secretly confine and imprison them in Amite County against their will.  In addition, Wilson, along with the same three codefendants, was also indicted for the rape of the female victim.[1]  On March 10, 1983, following a trial, a petit jury convicted Wilson of the kidnapping charge, and the circuit court sentenced him to a term of life imprisonment in the custody of the Mississippi Department of Corrections (MDOC).  After that conviction and sentencing, Wilson took a plea deal on the separate, yet related, rape charge.  The plea agreement provided that Wilson would waive his right to an appeal of the kidnapping conviction[2] and plead guilty to the rape charge.  Also, the plea agreement provided that the State would recommend that Wilson be sentenced to forty years on the rape charge, with the sentence to run concurrently to his life sentence on the kidnapping conviction.

¶4.     On June 20, 1986, Wilson filed a PCR motion, seeking relief from his kidnapping

---

[1] The indictment for the rape charge was not made a part of the clerk's papers in the matter before this Court.  However, the indictment is provided as Exhibit "E-1" within Wilson's brief.

[2] This information was not made a part of the record before us; however, it was revealed through a search of documents found withing the Mississippi Supreme Court's record in Wilson v. State, cause number 57,888.

2

conviction. In that motion, Wilson argued that (1) his trial counsel was ineffective; (2) evidence that was seized pursuant to an illegal search was admitted during his trial; (3) his confession was coerced; (4) the indictment was defective and, therefore, invalid; and (5) the State failed to prove the intent element of kidnapping. On July 21, 1986, the circuit court denied Wilson's PCR motion. He appealed. On August 24, 1988, the Mississippi Supreme Court, in an unpublished opinion, found no error in the circuit court's denial of Wilson's PCR motion and, on September 16, 1988, issued its mandate to the trial court.[3]

¶5.    On August 4, 2014, after a host of other motions had been filed by Wilson and ruled on by both the supreme court and the circuit court, Wilson filed his second PCR motion, the denial of which by the circuit court forms the basis of this appeal. Wilson argued in his motion before the circuit court that (1) the circuit court erred by proceeding on a "fatally defective indictment"; (2) cumulative errors in his trial proceedings violated his due-process rights under the Fourteenth Amendment of the United States Constitution; (3) he was actually innocent; (4) exculpatory evidence in his case was destroyed "in bad faith" before a direct appeal was processed, thereby violating his due-process and equal-protection rights under the Fourteenth Amendment of the U.S. Constitution; and (5) he received ineffective assistance of counsel. On October 8, 2014, the circuit court denied Wilson's PCR motion

---

[3] We note that the record before us in this matter does not include the unpublished opinion rendered in this case. However, we were able to find a portion of the subject opinion upon a search of the Mississippi Supreme Court's records. The unpublished opinion, addressing Wilson's first PCR motion, was issued in *Wilson v. State,* cause number 57,888.

as both time-barred and without merit. This appeal followed.

DISCUSSION

¶6. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the trial court's decision is clearly erroneous." *Hughes v. State,* 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012) (internal citation omitted). We review issues of law de novo. *Small v. State,* 141 So. 3d 61, 65 (¶7) (Miss. Ct. App. 2014). Under Mississippi Code Annotated section 99-39-11(2) (Rev. 2015), a trial court may deny a PCR motion if "it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief."

¶7. We note at the outset that the circuit court addressed only the time-bar, but it seems clear that Wilson's PCR motion was also a successive writ. Therefore, we address the successive-writ bar as well.

    *I.    Successive Writ*

¶8. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) provides that an order "denying relief . . . is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." As we have already noted in the fact section of this opinion, Wilson filed his first PCR motion on June 20, 1986, and the circuit court denied that motion. Wilson appealed, and the supreme court affirmed the judgment of the circuit court. Based on the provisions of section 99-39-23(6), Wilson was precluded from filing the PCR motion that is the subject of this appeal.

4

## II. Time-Bar

¶9.     In this appeal, Wilson's first argument is that the circuit court erred in dismissing his PCR motion as time-barred. He asserts that he raised issues affecting his fundamental constitutional rights. Therefore, according to him, his PCR motion is exempt from the procedural bars. More specifically, Wilson contends that his indictment was defective in that it failed to allege that all of the actions constituting the essential elements of kidnapping occurred in Amite County. Wilson is correct that if his indictment failed to allege an essential element of the crime that he was convicted of, he would not be precluded from raising that issue now. However, we note that Wilson raised in his first PCR motion the issue of his indictment being defective. So this issue is res judicata and cannot serve to remove the procedural bars. Therefore, we find no merit to Wilson's argument that the circuit court erred in ruling that his PCR motion was procedurally time-barred.

¶10.    Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides, in pertinent part:

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after entry of the judgment of conviction.

As noted in our recitation of the facts, Wilson's kidnapping conviction occurred on March 10, 1983. However, the subject PCR motion was not filed until August 4, 2014. As such, the circuit court found the motion to be time-barred because it was not made within the three-year time limitation set out in section 99-39-5(2). It is true that our supreme court has stated that "errors affecting fundamental constitutional rights are excepted from the procedural bars of

5

the [Uniform Post-Conviction Collateral Relief Act (UPCCRA)]." *Rowland v. State,* 42 So. 3d 503, 506 (¶9) (Miss. 2010). However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars." *Means v. State,* 43 So. 3d 438, 442 (¶12) (Miss. 2010).

¶11. As noted, Wilson also argues that (1) his counsel was ineffective; (2) the State withheld information regarding a confidential informant; (3) he is innocent; (4) the State destroyed biological and physical exculpatory evidence; and (5) he was subjected to double jeopardy. First, as to Wilson's claim that his counsel was ineffective, we find this issue was raised and rejected in his first PCR motion. Therefore, this claim is barred by the doctrine of res judicata. Second, we note that Wilson's claim that biological and physical exculpatory evidence was destroyed by the State in bad faith refers to evidence introduced during Wilson's trial but later destroyed by the Mississippi Crime Laboratory after Wilson had been convicted. We fail to see how the destruction of such evidence affects any fundamental right that Wilson possessed or possesses. This is particularly true since, pursuant to the plea deal, Wilson agreed not to pursue his appeal of the kidnapping charge. Third, as to Wilson's claim that the State failed to disclose that an informant was instrumental in securing his arrest, suffice it to say that this issue was not raised in the circuit court, but even if it had been, it would have been procedurally barred as are all of the issues that he did raise. Fourth, Wilson's claim that he has been subjected to double jeopardy is premised on his notion that the rape charge, to which he pleaded guilty, is a lesser-included offense of the kidnapping charge that he was

found guilty of. This argument is so baseless on its face that no discussion of it is warranted. Moreover, as noted, he pleaded guilty to the rape charge.

CONCLUSION

¶12. We find that since Wilson was convicted prior to the passage of the UPCCRA, he had three years from April 17, 1984, or until April 17, 1987, to file his PCR motion. *Rowland v. State*, 42 So. 3d 545, 549 (¶12) (Miss. Ct. App. 2009) (reversed on other grounds). Since his motion was filed on August 4, 2014, more than twenty-seven years after it was required to be filed, the circuit court did not err in finding that it was time-barred. We also find that his PCR motion is barred as a successive writ because he had previously filed a PCR motion. And lastly, we find that Wilson has failed to prove that any of the exceptions set forth in section 99-39-5 apply or that errors affecting a fundamental right were committed so as to exempt him from the procedural bars. Therefore, we affirm the judgment of the circuit court.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**

7