# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00774-COA

**C.D. PICKLE JR. A/K/A CLANTON D. PICKLE JR. A/K/A C.D. PICKLE**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/11/2018 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | C.D. PICKLE JR. (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**GREENLEE, J., FOR THE COURT**:

¶1.     C.D. Pickle Jr. appeals the Leflore County Circuit Court's dismissal of his motion for post-conviction relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     "The procedural history associated with this case is quite extensive, as Pickle has filed numerous motions before the circuit court." *Pickle v. State*, 203 So. 3d 753, 755 (¶4) (Miss. Ct. App. 2016).  This Court has summarized the procedural history as follows:

> In 1975, a Holmes County grand jury indicted Pickle for the capital murder of Mary Elizabeth Harthcock.  The indictment charged that, on November 26, 1974, Pickle raped Harthcock and then killed her.  A jury subsequently convicted Pickle and sentenced him to death.  The Mississippi Supreme Court

reversed Pickle's conviction in 1977 and remanded the case for a new trial. *Pickle v. State*, 345 So. 2d 623, 624 (Miss. 1977). His second trial was held in the Leflore County Circuit Court in 1978, where he was convicted again and sentenced to life in the custody of the MDOC. The record reflects that Pickle failed to perfect a direct appeal from that conviction.

At some point between March or April 1978 and December 1981, Pickle petitioned the circuit court for permission to file an out-of-time appeal from his conviction, which the circuit court denied. On review, the Mississippi Supreme Court ordered an evidentiary hearing on the issue of whether Pickle had knowingly and intelligently waived his right to appeal. After the evidentiary hearing, the circuit court determined that Pickle had properly waived his right to appeal and, thus, again denied Pickle's request for an out-of-time appeal. The supreme court affirmed the denial in March 1982. *Pickle v. State*, 791 So. 2d 204, 205 (¶4) (Miss. 2001).

In September 1997, Pickle filed a PCR motion again seeking an out-of-time appeal from his 1978 conviction and sentence. The circuit court denied the motion, explaining that it had already determined Pickle had knowingly and intelligently waived his right to appeal and that Pickle had raised no other issues that would entitle him to an out-of-time appeal. On appeal, the supreme court affirmed the circuit court's decision and held that Pickle was collaterally estopped from seeking an out-of-time appeal because the issue of his entitlement to an out-of-time appeal had been adjudicated sixteen years before. In June 2004, Pickle filed another PCR motion in the circuit court, arguing that in his 1978 trial, the judge erroneously instructed the jury, and that his counsel was ineffective. Pickle further argued that he was innocent. The circuit court dismissed Pickle's PCR motion as time-barred and as successive-writ barred. The circuit court further held that Pickle was collaterally estopped from filing the PCR motion since the issue of his entitlement to an out-of-time appeal had already been determined. This Court affirmed the circuit court's decision in May 2006. *Pickle v. State*, 942 So. 2d 243, 247 (¶14) (Miss. Ct. App. 2006). Pickle then petitioned the supreme court for a writ of certiorari, which the court denied on November 20, 2006.

In June 2009, Pickle filed [another PCR motion]. On August 19, 2009, the circuit court denied and summarily dismissed all motions filed by Pickle. The circuit court barred Pickle from bringing any other action regarding his incarceration, either in federal or state court, absent immediate danger or physical injury. Pickle appealed. On appeal, this Court affirmed the circuit court's dismissal of Pickle's PCR motion and determination that the PCR motion was frivolous. *Pickle v. State*, 64 So. 3d 1009, 1012 (¶11) (Miss. Ct.

App. 2010).

Significantly, the prior dismissals of Pickle's petitions, as set forth above, relied on the premise that no other issues would entitle him to relief under Mississippi Code Annotated section 99-39-5. Since that time, section 99-39-5 was amended to establish relief by providing an exception for DNA testing in cases where such testing and technology were not available at the time of trial. On September 15, 2011, Pickle filed another PCR motion wherein he claimed insufficient evidence existed to support his capital-murder conviction, and for the first time, requested DNA testing of the biological evidence collected during the murder investigation. On October 11, 2011, the circuit court summarily dismissed Pickle's motion as time-barred and successive-writ barred without holding an evidentiary hearing.

Pickle [appealed] the dismissal of his PCR motion, arguing that his PCR motion [was] excepted from the successive-writ and time-bars. Pickle also argue[d] that the circuit court erred in denying his request for DNA testing, claiming that an exception to the statutory bar exist[ed] under section 99-39-5(2). We remand[ed] this case to the circuit court for an evidentiary hearing to determine whether a basis exist[ed] for the exception to the time-bar to grant relief pursuant to section 99-39-5(2)(a)(ii).

*Pickle,* 203 So. 3d at 755-56 (¶4) (quoting *Pickle v. State*, 115 So. 3d 896, 897-98 (¶¶3-9) (Miss. Ct. App. 2013)). "On remand, the circuit court held an evidentiary hearing, specifically addressing DNA testing; however, the court rejected Pickle's arguments and dismissed his PCR motion. . . ." *Id*. This Court affirmed the circuit court's decision in November 2016. *Id*. at 759 (¶17).

¶3. On March 12, 2018, Pickle filed another PCR motion wherein he claimed that his constitutional rights were denied at sentencing. Specifically, Pickle claimed on due process and equal protection grounds that the court should have considered alternative sentencing under the Youth Court Act and that his counsel was ineffective for failing to request that the court do so. On April 11, 2018, the circuit court dismissed Pickle's motion as procedurally

barred without an evidentiary hearing. Now Pickle appeals.

## DISCUSSION

¶4.     We address whether the circuit court erred by summarily dismissing Pickle's PCR motion. "When reviewing a circuit court's dismissal of a PCR motion, this Court will only reverse a circuit court's factual findings if the findings are determined to be clearly erroneous." *Id*. at 756 (¶5). However, questions of law are reviewed de novo. *Id*.

¶5.     Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Additionally, Pickle had three years from the enactment of the Mississippi Uniform Post-Conviction Collateral Relief Act on April 17, 1984, to file a PCR motion. *Truitt v. State*, 878 So. 2d 244, 245 (¶3) (Miss. Ct. App. 2004). Because Pickle's PCR motion is not his first and was filed approximately thirty years after the time for taking an appeal expired, it is procedurally barred. Furthermore, "res judicata prevents the litigation of claims that 'were made or should have been made' during previous litigation." *Savinell v. State*, 214 So. 3d 1061, 1063 (¶8) (Miss. Ct. App. 2016) (quoting *Riley v. State*, 150 So. 3d 138, 140 (¶8) (Miss. Ct. App. 2014)).

¶6.     We acknowledge that "errors affecting 'fundamental rights' may be excepted from procedural bars." *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010). But "the mere assertion of a constitutional[-]right violation does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (citing *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009)). To find an exception to the bar, "there must at least appear to

4

be some basis for the truth of the claim . . . ." *Id*. (quoting *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)).

¶7. Pickle's assertions in his most recent PCR motion are just that—mere assertions. Pickle provides no support (such as a transcript from his 1978 trial) for his claim that his constitutional rights to due process and equal protection were violated. Because Pickle has failed to demonstrate that the trial judge did not consider alternative sentencing, his claim is not excepted from the procedural bars.[1]

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

---

[1] Although procedurally barred, we note that the Youth Court Act provides that the youth court does not have jurisdiction where "[a]ny act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death[.]" Miss. Code Ann. § 43-21-151(1)(a) (Rev. 2015).