# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00766-COA

**C.D. PICKLE JR. A/K/A CLANTON D. PICKLE JR. A/K/A C.D. PICKLE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:                04/18/2019
TRIAL JUDGE:                     HON. RICHARD A. SMITH
COURT FROM WHICH APPEALED:       LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          C.D. PICKLE JR. (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BILLY L. GORE
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 05/05/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     C.D. Pickle Jr. appeals from the Leflore County Circuit Court's judgment summarily dismissing his March 22, 2019 motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

## FACTS

¶2.     "The procedural history associated with this case is quite extensive, as Pickle has filed numerous motions before the circuit court[.]" *Pickle v. State*, 203 So. 3d 753, 755 (¶4) (Miss. Ct. App. 2016). Just last year, this Court summarized the relevant procedural history as follows:

In 1975, a Holmes County grand jury indicted Pickle for the capital murder of Mary Elizabeth Harthcock. The indictment charged that, on November 26, 1974, Pickle raped Harthcock and then killed her. A jury subsequently convicted Pickle and sentenced him to death. The Mississippi Supreme Court reversed Pickle's conviction in 1977 and remanded the case for a new trial. *Pickle v. State*, 345 So. 2d 623, 624 (Miss. 1977). His second trial was held in the Leflore County Circuit Court in 1978, where he was convicted again and sentenced to life in the custody of the MDOC. The record reflects that Pickle failed to perfect a direct appeal from that conviction.

At some point between March or April 1978 and December 1981, Pickle petitioned the circuit court for permission to file an out-of-time appeal from his conviction, which the circuit court denied. On review, the Mississippi Supreme Court ordered an evidentiary hearing on the issue of whether Pickle had knowingly and intelligently waived his right to appeal. After the evidentiary hearing, the circuit court determined that Pickle had properly waived his right to appeal and, thus, again denied Pickle's request for an out-of-time appeal. The supreme court affirmed the denial in March 1982. *Pickle v. State*, 791 So. 2d 204, 205 (¶4) (Miss. 2001).

In September 1997, Pickle filed a PCR motion again seeking an out-of-time appeal from his 1978 conviction and sentence. The circuit court denied the motion, explaining that it had already determined Pickle had knowingly and intelligently waived his right to appeal and that Pickle had raised no other issues that would entitle him to an out-of-time appeal. On appeal, the supreme court affirmed the circuit court's decision and held that Pickle was collaterally estopped from seeking an out-of-time appeal because the issue of his entitlement to an out-of-time appeal had been adjudicated sixteen years before. In June 2004, Pickle filed another PCR motion in the circuit court, arguing that in his 1978 trial, the judge erroneously instructed the jury, and that his counsel was ineffective. Pickle further argued that he was innocent. The circuit court dismissed Pickle's PCR motion as time-barred and as successive-writ barred. The circuit court further held that Pickle was collaterally estopped from filing the PCR motion since the issue of his entitlement to an out-of-time appeal had already been determined. This Court affirmed the circuit court's decision in May 2006. *Pickle v. State*, 942 So. 2d 243, 247 (¶14) (Miss. Ct. App. 2006). Pickle then petitioned the supreme court for a writ of certiorari, which the court denied on November 20, 2006.

In June 2009, Pickle filed another PCR motion. On August 19, 2009, the circuit court denied and summarily dismissed all motions filed by Pickle. The circuit court barred Pickle from bringing any other action regarding his

incarceration, either in federal or state court, absent immediate danger or physical injury. Pickle appealed. On appeal, this Court affirmed the circuit court's dismissal of Pickle's PCR motion and determination that the PCR motion was frivolous. *Pickle v. State*, 64 So. 3d 1009, 1012 (¶11) (Miss. Ct. App. 2010).

Significantly, the prior dismissals of Pickle's petitions, as set forth above, relied on the premise that no other issues would entitle him to relief under Mississippi Code Annotated section 99-39-5. Since that time, section 99-39-5 was amended to establish relief by providing an exception for DNA testing in cases where such testing and technology were not available at the time of trial. On September 15, 2011, Pickle filed another PCR motion wherein he claimed insufficient evidence existed to support his capital-murder conviction, and for the first time, requested DNA testing of the biological evidence collected during the murder investigation. On October 11, 2011, the circuit court summarily dismissed Pickle's motion as time-barred and successive-writ barred without holding an evidentiary hearing.

Pickle appealed the dismissal of his PCR motion, arguing that his PCR motion was excepted from the successive-writ and time-bars. Pickle also argued that the circuit court erred in denying his request for DNA testing, claiming that an exception to the statutory bar existed under section 99-39-5(2). We remanded this case to the circuit court for an evidentiary hearing to determine whether a basis existed for the exception to the time-bar to grant relief pursuant to section 99-39-5(2)(a)(ii).

*Pickle v. State*, No. 2018-CP-00774-COA, 2019 WL 4439413, at *1-2 (¶2) (Miss. Ct. App. Sept. 17, 2019) (quoting *Pickle*, 203 So. 3d at 755-56 (¶4)); *cert. denied*, 290 So. 3d 753 (Miss. 2020). "On remand, the circuit court held an evidentiary hearing, specifically addressing DNA testing; however, the court rejected Pickle's arguments and dismissed his PCR motion . . . ." *Pickle*, 203 So. 3d at 756 (¶4). In November 2016, this Court affirmed the circuit court's judgment. *Id.* at 759 (¶17).

¶3.     Pickle then filed his next PCR motion on March 12, 2018, in which he "claimed on due[-]process and equal[-]protection grounds that the court should have considered

3

alternative sentencing under the Youth Court Act and that his counsel was ineffective for failing to request that the court do so." *Pickle*, 2019 WL 4439413, at *2 (¶3). After the circuit court dismissed Pickle's motion as procedurally barred, Pickle appealed. *Id.* This Court, in September 2019, affirmed the circuit court's dismissal. *Id.* at *3 (¶8).

¶4. On March 22, 2019, Pickle filed his current PCR motion in which he claimed his indictment was defective. The circuit court dismissed Pickle's PCR motion as successive-writ barred, time-barred, and frivolous. Aggrieved, Pickle appeals.

## STANDARD OF REVIEW

¶5. "When reviewing a circuit court's dismissal of a PCR motion, this Court will only reverse a circuit court's factual findings if the findings are determined to be clearly erroneous." *Pickle*, 203 So. 3d at 756 (¶5). We review issues of law de novo. *Id.* "Whether an indictment is fatally defective is a question of law that we review de novo." *Jenkins v. State*, 283 So. 3d 217, 219 (¶5) (Miss. Ct. App. 2019) (quoting *Bryant v. State*, 238 So. 3d 1213, 1216 (¶7) (Miss. Ct. App. 2018)).

## DISCUSSION

¶6. Upon its enactment on April 17, 1984, the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) created a three-year period for movants to seek relief for convictions that occurred prior to the UPCCRA. *Truitt v. State*, 878 So. 2d 244, 245 (¶3) (Miss. Ct. App. 2004). In addition, the UPCCRA provides that the denial or dismissal of a PCR motion bars any second or successive motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). Pickle's current PCR motion is not his first and was filed over thirty years after the

time period for seeking relief had expired. As a result, his current PCR motion is clearly procedurally barred.

¶7. On appeal, Pickle argues his indictment failed to charge an essential element of capital murder. Specifically, Pickle asserts that his indictment failed to state that he committed the crime "with or without" any design to effect death while he was engaged in the commission of rape. Our caselaw holds that "[c]laims alleging [a] defective indictment are subject to the UPCCRA's procedural bars." *Hays v. State*, 282 So. 3d 714, 719 (¶14) (Miss. Ct. App. 2019). We recognize, however, that "if the indictment failed to allege an essential element of the crime, [Pickle] would not be precluded from raising that issue now." *Id.* (quoting *Wilson v. State*, 203 So. 3d 762, 765 (¶9) (Miss. Ct. App. 2016)). "[A]n indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Jenkins*, 283 So. 3d at 220 (¶6) (quoting *Bryant*, 238 So. 3d at 1216 (¶8)). "[A]n indictment is legally sufficient so long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear." *Id.* (citation and internal quotation mark omitted).

¶8. Pickle's indictment stated that he

> wilfully, feloniously[,] and of his malice aforethought, with the design to effect the death of Mary Elizabeth Harthcock, a female human being, did then and there kill and murder the said Mary Elizabeth Harthcock while he, the said C. D. Pickle, Jr., was engaged in the commission of the crime of rape, in violation of Section 97-3-19, subsection (2)(e), Mississippi Code of 1972 as amended . . . .

5

¶9.     In relevant part, the capital-murder statute in effect at the time of Pickle's indictment

provided the following:

> The killing of a human being without the authority of law by any means or in any manner shall be capital murder . . . [w]hen done with or without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson[,] or robbery, or in any attempt to commit such felonies . . . .

Miss. Code Ann. § 97-3-19 (Supp. 1974).

¶10.     Pickle correctly points out that his indictment did not contain the words "or without"

when it charged that he acted "with the design to effect" Harthcock's death.  Mississippi

precedent establishes, however, that "[g]enerally, if an indictment tracks the language of a

criminal statute, it is sufficient to inform the defendant of the charged crime." *Hays*, 282 So.

3d at 719 (¶15) (quoting *Randall v. State*, 148 So. 3d 686, 688-89 (¶10) (Miss. Ct. App.

2014)).  Further, "our supreme court has previously stated that naming the underlying felony

in the capital-murder indictment is sufficient to place the defendant on notice of the charges

against him, unless the underlying felony is burglary."  *Whetstone v. State*, 109 So. 3d 616,

620 (¶12) (Miss. Ct. App. 2013).

¶11.     Upon review, we find that Pickle's indictment not only named the underlying felony

but also sufficiently tracked the language of the capital-murder statute so that Pickle was

clearly informed of the nature and cause of the charge against him.  Because Pickle's

defective-indictment claim otherwise fails to survive the UPCCRA's procedural bars, we find

this argument lacks merit.

### CONCLUSION

6

¶12. Pickle's current PCR motion is successive-writ barred, time-barred, and lacks merit. We therefore affirm the circuit court's judgment of dismissal.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**